Deaderick, Ch. J.,
delivered tbe opinion of tbe court:
Tbis cause was placed upon tbe nnlitiggted docket at tbe last term of tbis conrt, and tbe chancellors decree was affirmed.. After tbe adjournment of the court a sjipersedeas Was applied for and granted, upon tbe ground tbat defendant bad no notice of its having been placed upon tbe unlit-igated docket,- nor of tbe decree, until after, the adjournment of the court, and tbat tbe taking of such decree without notice, was contrary to tbe rules of tbis court.
It. has again been placed on tbe easy docket, and an application is made .to discharge tbe supersedeas and affirm tbe chancellor’s decree.
Tbe bill was filed in the chancery court at Nashville, 24th of August, 1876, to enforce a vendor’s lien upon a bouse and lot, on the corner of G-ay and Summer streets, in Nashville, for unpaid purchase money.
Two thousand dollars bad been paid, at the time of tbe sale, 'and two notes of $500 each taken, due respectively at six and twelve monflis, and one for $495, due at eighteen months from December 1, 1875. .
At tbe return term, defendants demurred to tbe bill, because the bill did not exbibit tbe will of testator showing her right to'make tbe sale.
The demurrer was overruled, and defendants bad time give them to answer,, and having failed to answer, judgment pro confesso was taken against them, and a decree *49 rendered for $529.50, the amount of the note at six months, and interest thereon, being the only note then due, and holding the above mentioned property subject to the payment of the notes, and giving thirty days within which "to pay said sum into court,” and in default of which the clerk and master was directed to sell the house and lot upon six, twelve, eighteen, and twenty-four months’ credit. The bill prayed and the decree ordered that the sale should, be made without the equity of redemption.
From this decree defendants appealed, treating the super-sedeas as having been rightfully issued for the reasons stated, and as having performed the office for which it is invoked, to suspend the decree of the last term and reinstate the cause upon the docket. It is argued for defendants that the chancellor’s decree is erroneous, and ought not to be affirmed.
It is insisted that as but one note was due at the time the bill was filed, that under sec. 3563 of the Code [Shannon’s Code, sec. 5326], complainant should have taken a decree for only so much of the lot as was necessary to pay the money then due, and that under the next section the cause should have been retained upon the docket, for the purpose of directing sale of other parts of the lot, as the several purchase money notes fell due.
The statutes cited do make provisions for sale in the manner indicated — and sec. 3565. [Shannon’s Code, sec. 5328] also directs that the whole may be sold at one time, making the notes fall due so as to meet the notes executed to the vendor, when the land canno't be divided without injury to the parties, or if the vendor so direct.
Whether the chancellor intended that the sale should be made if the notes, as well as the sum of $529.50, for which he had rendered a decree, were not paid in thirty days, is not very clear from the language of the decree, but we are inclined to the opinion that the language *50 directing tlie sale to be made in default of tbe payment of “said, sum into court” within thirty days, means that the sale should be made if the $529.50 was not paid, as it was the only sum previously specified in the decree.
The case then, is, that a vendor files a bill to enforce a lien upon a house and lot sold for unpaid purchase money, one payment for which is due when the bill is filed, two other payments fall due in twelve and eighteen months, respectively, after the first payment fell due. The bill, upon its face, shows that complainant was authorized to make the sale, and all the facts alleged are admitted by the demurrer as well as by the judgment pro confesso.
The lot is described as being 41 by-151 feet.. The bill prays for a sale of the lot, and prays that the proceeds be applied to payment of first note, and the balance held to meet the other notes as they fall due, and that the property be sold on a credit of not less than six months or more than two years.
The chancellor ordered a sale of the whole property on six, twelve, eighteen, and twenty-four months, without redemption, as prayed for in this bill.
The payments not due when decree was made were to be met by the purchase money, which would be due from the purchaser at the sale.
But it is insisted that defendant did not consent to- the sale of the lot, nor does it appear that it could not have been divided without injury to the parties.
We think it is manifest, from the character of the property and size of the lot, that no such division into three parts to meet the three unpaid notes could have been made without injury to the parties. And there was no error in ordering the sale of the whole.
All the notes are now due, two of them having matured since the cause has been pending in this court, and we are asked- by complainant to render a decree here for the sale of the lot to pay all the purchase money.
*51 It is objected that we cannot render a judgment on the notes which have matured since the cause has been pending in this court. We see no objection to our doing so. It is but carrying out the spirit of the chancellor’s decree, fmd is a legitímate exercise of our appellate jurisdiction, and is substantially an affirmance of his decree.
In affirming the general objects of the decree of the chancery court, this court is not restricted to the letter of such decree, but may modify it in such parts as may be essential to attain its object, and as shall be proper to attain justice between the parties.
In an unreported case of Johnson and wife v. Jenkins, the court held, at its December term, 1870, that complainants had a vendor’s lien, and had a right to have the land sold for the payment of the purchase money then due, and thereafter to fall due, and ordered the clerk of this court to sell the land on credit so as to meet .the payments thereafter to fall due. The sum still due must be ascertained, and for that sum complainant is entitled to a decree; And if not paid by the time of the adjournment of the present term, will sell the said house and lot to° the highest bidder, upon a credit of six and twelve months, taking bond and security and retaining a lien for the purchase money, and will, out of the first moneys received, retain the costs of this and of the chancery court, and apply so much, or the residue of the purchase money as may be necessary for that purpose to the amount due complainant.